# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *

ASHLYNN BRILL,

       Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

       Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

No. 20-156V
Special Master Christian J. Moran

Filed: February 13, 2025

Joseph Michael Russell, Von Briesen & Roper, S.C., Milwaukee, WI, for petitioner;
Camille Michelle Collett, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

    Ashlynn Brill ("petitioner") alleged that a human papillomavirus ("HPV") Gardasil-9 vaccine she received on February 28, 2018 caused her to suffer from syncope, seizures, and psuedoseizures. On February 7, 2025, petitioners moved for a decision dismissing their petition.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

I. **Procedural History**

Petitioner filed a petition for compensation on February 14, 2020, alleging that the HPV vaccine she received on February 28, 2018 caused her to suffer from syncope, seizures, and psuedoseizures by May 8, 2018. Pet. at 1-6. She filed medical records and affidavits over the next few months.

The Secretary filed his Rule 4(c) report on October 5, 2020, contesting entitlement. The Secretary argued that petitioners had not provided preponderant evidence satisfying any of the Althen prongs between Ms. Brill's condition and the HPV vaccine. Resp't's Rep. at 12-14. Further, the Secretary noted that petitioners had not submitted an expert report in support of their claim, and that none of Ms. Brill's treating doctors opined that the vaccines caused her condition. Id. at 14.

On September 7, 2021, petitioner filed an expert report from Dr. Mitchell Gordon Miglis, a board-certified neurologist. Exhibit 17. Dr. Miglis opined that the HPV vaccine that petitioner received led her to develop functional seizures, recurrent syncope, small fiber neuropathy, orthostatic intolerance, and other symptoms of autonomic dysfunction Id. at 1. Dr. Miglis further opined regarding postural tachycardia syndrome ("POTS") and its association with the Gardasil vaccine. Id. at 11-12. Dr. Miglis reported that the mechanism of Gardasil vaccine-induced injury remains to be fully elucidated, and it is difficult to propose a pathogenetic mechanism to scientific certainty but may include a form of molecular mimicry. Id. at 12-13. Dr. Miglis cited more than 30 articles regarding HPV vaccines. Id. at 19-23.

The undersigned issued an order for petitioner to produce an improved report because Dr. Miglis did not fully follow the expert instructions issued on August 13, 2020 and there remained questions regarding Dr. Miglis's diagnostic criteria (or lack thereof) regarding why Dr. Miglis opines that petitioner has orthostatic intolerance or small fiber neuropathy. Order, issued Sept. 22, 2021. On November 19, 2021, petitioner filed Dr. Miglis's supplemental expert report. Exhibit 18. The supplement still lacked completeness, and the undersigned issued another order for petitioner to file a supplemental report. Order, issued Dec. 6, 2021. On January 5, 2022, petitioner filed Dr. Miglis's third expert report. Exhibit 20. On June 21, 2022, respondent filed his expert reports from Dr. Andrew MacGinnitie and Dr. Christopher Gibbons. Exhibits A and C.

On October 7, 2022, petitioner filed a rebuttal expert report from Dr. Miglis. Exhibit 59. On January 13, 2023, petitioner filed Dr. David Axelrod's expert report. Exhibit 109. On May 3, 2023, respondent filed an expert report from Dr. MacGinnitie. Exhibit E. The next day, respondent filed an expert report from Dr. Gibbons. Exhibit F. Petitioner filed a rebuttal expert report from Dr. Axelrod and Dr. Miglis. Exhibits 111 and 132. On February 16, 2024, respondent filed expert reports from Dr. MacGinnitie and Dr. Gibbons. Exhibits G and H. On February 21, 2024, petitioner submitted a status report indicating that she does not intend to file any additional expert reports.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioners filed medical records, affidavits, and an expert report. Nonetheless, petitioners wish to have their claim dismissed and judgment entered against them. Petitioners filed their dismissal pursuant to Vaccine Rule 21(b). Pet'rs' Mot., filed Feb. 7, 2025 at 1.[2]

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim. Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

---

[2] Petitioner initially filed her notice of intent to withdraw her petition on January 17, 2025 and stated she "intends to file an application for attorneys' fees and costs once the court's final judgement issues." Petitioner filed her notice of voluntary dismissal which was entered incorrectly and the Clerk's Office recoded her filing to appropriately code her filing as a motion to dismiss pursuant to Rule 21(b).

3

(1) a medical theory causally connecting the vaccination and the injury;
(2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
(3) a showing of a proximate temporal relationship between vaccination and injury.

<u>Althen v. Sec'y of Health & Hum. Servs.</u>, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Petitioner did not propose a medical theory casually connecting the vaccinations with the injury.  Petitioner did not provide sufficient, preponderant evidence demonstrating a logical sequence of cause and effect that the HPV vaccine was the reason for petitioner's injuries.  Additionally, petitioner was unable to provide preponderant evidence showing a proximate temporal relationship between her vaccine and injury.  Petitioner has therefore not met her burden under <u>Althen</u>.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
